UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., f/k/a MOTOROLA, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>HAROLD PICK, an individual, MERCY M. ABRAHAM, an individual, DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | Case No. 2:15-cv-00236-MMD-GWH<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO REMAND (Dkt. no. 13) |

**I.    SUMMARY**

This removed case comes before the Court on Plaintiff Motorola Solutions, Inc.'s ("Motorola") Motion to Remand. (Dkt. no. 13.) Motorola contends that the action should be remanded because: (a) the removal was untimely; (b) defendants failed to file notice of removal in state court; and (c) all of the defendants did not consent to removal. Motorola also argues it is entitled to fees and costs because the removal petition was unreasonable. Defendants Harold Pick and Mercy H. Abraham ("Pick" and "Abraham") filed a response (dkt. no. 18), and Motorola filed a reply (dkt. no. 22.). The Court has reviewed these documents and for the reasons below, grants Motorola's Motion to Remand.

## II. BACKGROUND

Motorola filed a complaint in the Eighth Judicial District Court for Clark County, Nevada, in December 2014. (Dkt. no. 1-2.) The complaint alleges that Pick had illicitly transferred property to Abraham in order to avoid satisfying a judgment Motorola had obtained against him. (*Id.* at 5.) Motorola alleges that Pick was properly served on January 6, 2015, and Abraham was properly served on January 18, 2015. (Dkt. no. 13 at 2) Pick filed a notice of removal with this court on February 10, 2015. (Dkt. no. 1.) The notice contained the statement "[a]ll Defendants named in Plaintiff's Complaint consent to removal." (*Id.* at 3.) Pick did not file a notice of removal in state court until March 30, 2015. (Dkt. no. 22-5.) In the meantime, the state court entered default judgements against both Pick and Abraham. (*Id.*)

Pick and Abraham both argue that they were not properly served. Pick claims that he was not provided a copy of the summons. (Dkt. no. 18 at 3.) Abraham claims she was never served with any documents at all. (*Id.*) Pick has not responded to Motorola's footnote argument that Pick's unduly delay in filing a notice of removal with the state court serves as another basis for removal.

## III. LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## IV. DISCUSSION

The Court need not address Motorola's second and third arguments (dealing with consent and notice of removal in state court) because it finds Motorola's first argument persuasive and dispositive.

2

### A. Timeliness

A defendant seeking to remove a civil action from state court must file a notice containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon each defendant or defendants in such action." 28 U.S.C. § 1446(a). The defendant must file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b). Failure to file a notice of removal within thirty (30) days is a sufficient ground on which to remand an action to state court. *See Things Remembered v. Petrarca*, 516 U.S. 124, 128, n. 3 (1995) (stating that remand based on untimely removal is "precisely the type of removal defect contemplated by § 1447(c)."); *see also Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980) ("a timely objection to a late petition will defeat removal.").

Pick filed a notice of removal with this Court thirty-four (34) days after he was served. However, he argues that his service was inadequate, and therefore the thirty-day clock imposed by § 1446(b) did not actually start running on January 6, 2015.

#### 1. Whether Pick's Service was Proper

Federal Rule of Civil Procedure 4(e)(1) permits service to be effectuated "pursuant to the law of the state in which the district court is located, or in which service is effected." In turn, Rule 4(d)(6) of the Nevada Rules of Civil Procedure requires defendants to be served with a copy of the summons and a copy of the complaint.

Motorola argues that Pick was properly served with both a summons and complaint. In support, Motorola offers a signed declaration from the process server who served Pick. (Dkt. no. 22-2 ¶ 5.) Pick claims that he was given a copy of the complaint but not a copy of the summons. In support of his position, Pick has provided a signed declaration. (Dkt. no. 9 at 2.)

First and foremost, Pick admits that he received a copy of the complaint on January 6, 2015. (*Id.*) The thirty-day period to file the notice of removal was triggered

3

from his receipt of the complaint. 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .") Moreover, Pick's declaration, by itself, does not overcome the presumption that his service was proper. "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (citations and quotations omitted). A self-serving declaration is generally not sufficient to overcome prima facie evidence of valid service. *See Craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 514 (N.D. Cal. 2011). Therefore, the Court finds that because Pick received the complaint, as well as service of the summons, on January 6, 2015, that date serves as the commencement date for the thirty-day period. The notice of removal was not timely filed.

### 2. Whether Abraham's Consent Affects Timeliness

Pick also attempts to push back the start of the thirty-day time period by relying on the fact that Abraham consented to his February 10, 2015 filing. Abraham argues that she was not properly served either a summons or complaint, and has provided some evidence beyond a self-serving declaration to support her position. (Dkt. no. 22 at 6-9.) Therefore, Pick argues, even if the Court does not consider his service improper, the thirty-day timeline has still not begun because Abraham was never properly served.

However, the Court need not evaluate whether Abraham was properly served because, even if she was, she consented to an untimely notice rather than filing her own notice of removal. Pick points the Court to *Griffith v. Am. Home Products Corp.*, 85 F. Supp. 2d 995, 1000 (E.D. Wash. 2000), wherein a district court noted that the Ninth Circuit has not decided whether one thirty-day window for all defendants starts when the first defendant is served (the majority rule) or each defendant gets thirty days from the date they were served (the modern rule). This debate is beside the point. Abraham, the defendant who was served later, did not file a notice to which Pick consented. The

4

opposite occurred. While § 1446(c) allows an earlier-served defendant to consent to the timely notice of removal of a later-served defendant, it does not allow a later-served defendant to cure an untimely notice of removal filed by an earlier-served defendant simply by consenting to it. Abraham's consent, even if it was properly given and she was never served, does not cure the deficiency in Pick's untimely notice of removal.

### B. Fees and Costs

Motorola asks the Court to award it fees and costs because Pick's removal was unreasonable. "Fees and costs may be awarded under § 1447(c) if the attempted removal was objectively unreasonable." *Houden v. Todd*, 348 F. App'x 221, 223 (9th Cir. 2009). District courts retain the discretion to award or withhold fees based on the particularized facts of each case. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In this case, Pick sought removal based on diversity jurisdiction. Though his notice was untimely, the existence of multiple defendants served on different dates created some confusion about which thirty-day period governed his petition. Pick's attempt to remove the case was not unreasonable. Therefore, Motorola's request for fees and costs is denied.

### V. CONCLUSION

For the reasons discussed above, the Court grants Motorola's Motion to Remand (dkt. no. 13.)

DATED THIS 8th day of October 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5